Joseph H. Cohen, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Lucille Greenwood, Respondents.

Argued December 5, 1977, before Judges WILKINSON, JR., ROGERS and DISALLE, sitting as a panel of three.

*Susan J. Poll,* with her *John F. McElvenny,* for petitioner.

*Charles E. McClafferty,* with him *Thomas F. Mc-Devitt; Mary Ellen Krober,* Assistant Attorney General, and *James N. Diefenderfer,* for respondents.

OPINION BY JUDGE WILKINSON, JR., January 24, 1978:

This appeal comes before us following a decision of the Workmen's Compensation Appeal Board (Board)' granting workmen's compensation benefits to the claimant. We affirm.

The procedural history of this case is long and difficult. This is due in large part to a series of clerical errors on the part of the referee which in turn led to a great deal of confusion among the parties and the Board. The parties cannot be penalized for these clerical errors. Since we cannot "undo" the errors, our task is simply to decide whether the Board correctly handled the case upon discovering them.

On November 18, 1968, the claimant properly filed two petitions for relief. One was filed under the provisions of Section 402 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §711, and was labeled claim petition number 220,453. The other was filed in accordance with Section 403 of The Pennsylvania Occupational Disease Act, Act of June 21, 1939, P.L. 566, *as amended,* 77 P.S. §1503, and was labeled claim petition number 220,454. Hearings were then held before a referee, concluding on October 24, 1973.

At this point, a succession of clerical errors began. On November 26, 1973, the referee wrote two separate

decisions, one granting occupational disease benefits, and the other denying workmen's compensation benefits. Unfortunately, the referee misnumbered the decisions, so that the occupational disease decision was incorrectly labeled 220,453, and the workmen's compensation decision was incorrectly labeled 220,454. To compound the problem, while the workmen's compensation decision was sent on December 7, 1973, the decision granting occupational disease benefits was not sent out until December 30, 1973. As if this were not enough, the workmen's compensation decision was forwarded only to counsel for the claimant and the petitioner's insurance carrier, not to the Commonwealth. All parties received notice of the occupational disease decision.

At this point, the referee realized some of the errors that had been made, for an amended occupational disease decision with the correct reference number was sent to all parties on December 30, 1973, while an amended workmen's compensation decision with the correct reference number was sent to counsel for claimant and the petitioner's insurance carrier on January 4, 1974.

On January 15, 1974, the Commonwealth, in an apparent effort to contest the grant of occupational disease benefits, since under that decision it would be responsible for all benefits accruing to the claimant, filed an appeal with reference to claim number 220,453, the workmen's compensation claim. The Board, on July 18, 1974, sustained the Commonwealth's appeal. In its opinion, the Board, writing in regard to petition number 220,453, reversed the award of occupational disease benefits and remanded the case to the referee to determine if the claimant was eligible for workmen's compensation benefits. The Board treated the case as though the referee had awarded occupational disease benefits in a petition claiming workmen's com-

pensation benefits. They specifically stated that they acted in the belief that no occupational disease claim had ever been filed.

The employer, through its insurance carrier, then petitioned for a rehearing on the Board's opinion in claim number 220,453. This was granted by the Board in an opinion dated November 14, 1974. In that opinion, the Board recognized for the first time the errors that had been made by the referee, and by the Commonwealth in its appeal. The Board then stated that due to the confusion it would consolidate petitions 220,453 and 220,454 and treat them as one. It then remanded the case to the referee, who was to determine whether the claimant was entitled to workmen's compensation benefits or to occupational disease benefits.

The referee determined that the claimant was entitled to workmen's compensation benefits. On appeal, the Board affirmed the referee.[1] The employer then took the instant appeal to this Court.

All of the parties involved in this case have urged us to adopt one or another of the many different interpretations that could be given to the series of events that transpired below. As noted earlier, we do not believe that is our function in this case. We simply hold that it was proper for the Board, given the amount of confusion generated by the clerical errors of the referee, to send the entire case back to the referee and instruct him to reconsider the two claim petitions filed by the claimant. This was the only logical and

---

[1] We do not discuss the merits of the referee's and Board's conclusions that claimant should be awarded compensation under The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1 et seq., based on the mutual pathological result doctrine because this has not been raised in petitioner's statement of the issue, nor was it covered in the briefs or in oral argument. The matter before us is entirely one of procedure.

just manner in which to assure that all parties would receive fair treatment, and that the referee and the Board could act intelligently on the issues before them. We find nothing in the prior decisions of this Court dealing with the separate and distinct nature of the two Acts here involved which would alter our result in this case. *See Workmen's Compensation Appeal Board v. Wlodarczyk*, 21 Pa. Commonwealth Ct. 495, 347 A.2d 763 (1975). Indeed, we find this case to be more closely akin with those decisions in which we have held that an administrative agency may, on its own motion, correct typographical, clerical and mechanical errors, as well as undisputed factual errors and factual misconceptions, provided proper notice and explanation is given. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973). Finally, we believe our decision in this case is in accord with the rule that the Workmen's Compensation Act is to be given a liberal interpretation in order to effectuate the remedial purposes of the Act.

Accordingly, we will enter the following

### ORDER

AND Now, January 24, 1978, the decision of the Workmen's Compensation Appeal Board, No. A-71515, dated October 14, 1976, is affirmed. It is ordered that judgment be entered in favor of Lucille Greenwood and against Joseph H. Cohen, Inc., with the latter to pay compensation to the claimant for total disability at the rate of $60.00 per week beginning February 2, 1969, and continuing into the future until such time as the disability changes or ceases within the meaning of the Pennsylvania Workmen's Compensation Act.

Interest at the rate of 10% per annum is awarded on any deferred payments.