Joseph Skopic et al. *v.* The Zoning Hearing Board of Hemlock Township et al. Cyrus Spencer, Appellant.

Argued September 15, 1983, before Judges CRAIG, BARRY and BLATT, sitting as a panel of three.

*Frank C. Baker,* for appellant.

Jeffrey F. Dorko, with him *John A. Mihalik,* for appellees.

OPINION BY JUDGE BARRY, January 31, 1984:
This is an appeal from an order of the Court of Common Pleas of Columbia County, which reversed the grant of a variance on August 18, 1980 by the appellees, The Zoning Hearing Board of Hemlock Township (Board). Appellant, Cyrus Spencer (Spencer), intervenor before the trial court, had applied for a

variance in 1971, 1972 and 1973, seeking permission to operate a salvage yard in a portion of the Township zoned as agricultural. All three applications had been denied by the Board. In 1978 Spencer again applied for a variance for the same property. The Board took testimony on July 10, 1980 and, in August of 1980, issued a decision granting the variance to Spencer. Appellees herein, Joseph Skopic, Wilmer Reichard and Henry Clugston, owners of property located near appellant's tract in question, appealed from the grant of the variance. The Court of Common Pleas of Columbia County reversed, finding that the grant of the variance by the Board was violative of the Open Meeting Law, Act of July 19, 1974, P.L. 486, 65 P.S. §§261-69. The court also found that the Board acted without sufficient evidence of a substantial change in condition in the property and, as a result, the Board's action violated the principle of res judicata.

We agree that the action of the trial court in reversing the Board and denying the variance was proper, but not for the reasons stated. Our examination of the principle of res judicata as it applies to zoning law reveals that this principle is not absolute. Refusal of a variance by a zoning board does not preclude a subsequent grant of a variance for the same land if there has been a subsequent substantial change in conditions incident to the land itself. *Filanowski v. Zoning Board of Adjustment*, 439 Pa. 360, 363, 266 A.2d 670, 672 (1970) and cases cited therein. Our examination of the transcript of the 1980 hearing, however, reveals insufficient evidence to warrant the grant of a variance. The law governing the granting of a variance is clear and was summarized by this Court in *Levin v. Zoning Hearing Board*, 11 Pa. Commonwealth Ct. 452, 457-58, 314 A.2d 579, 582 (1974)

and reaffirmed in *Ottaviano v. Zoning Board of Adjustment*, 31 Pa. Commonwealth Ct. 366, 368-69, 376 A.2d 286, 288 (1977). It is clear that the Board found in 1971, 1972, and 1973 that the request for a variance should be denied because the criteria set forth in these and other cases had not been met.

Testimony at the 1980 hearing in the instant case does not establish with any certainty that the conditions under which Spencer is applying for the variance are any different from those in 1973, 1972 or 1971. The court of common pleas summarized its findings on this issue as follows:

Thus, in order for the Zoning Hearing Board to reverse its earlier decision, the Intervenor was required to show that substantial changes incident to the land itself have occurred since September 7, 1973. The Intervenor did introduce some evidence on this issue, but the testimony was too vague, contradictory, and conclusory to warrant a finding of substantial change.

The Intervenor was asked whether there had been ". . . any changes in the surrounding areas." The Intervenor initially answered "No." (T. 11). The Intervenor then stated that a stone crusher and an asphalt plant had been erected "down the road from me." Asked to be more specific as to distance, the Intervenor stated, "1/2 to 3/4 mile." (T. 11, 12). The Intervenor also asserted that there was more traffic and more commercial activity "in the area." (T. 12).

From the testimony, it is unclear whether the changes to which the Intervenor referred took place before or after 1973. It is also impossible to determine what impact, if any, these

changes had on the Intervenor's own land, as opposed to "the area." In short, the evidence before the Board did not establish substantial changes incident of the Intervenor's land. The inadequacy of this evidence is further reason for reversing the Zoning Hearing Board's grant of the variance.

Supporting our conclusion that the Board erred in granting the variance is the fact that the Board did not discuss in its findings anything about changed conditions. Appellant argues that while the Board did not specifically address the issue of changed circumstances in the form of an express finding of fact, it can fairly be inferred that the Board was satisfied as to the fact of changed circumstances because the Board heard and decided Spencer's variance application on its merits. This argument is unpersuasive on the question of whether in fact there existed changed circumstances sufficient to grant a variance. The record before the Board could not in any event support a finding that there was a change of circumstances. Our reading of the testimony indicates that no justification existed to issue the variance and the Board abused its discretion in so doing.

It is clear from the record that the decision to grant the variance was not made public. A hearing was held by the Board but, at the conclusion of the public portion of the hearing, one of the board members stated that the Board was going to leave and consult with its solicitor and come up with a decision. (T. 149). The Board's decision was subsequently issued in writing on July 18, 1980, without a public vote being taken. This action clearly violates Section 262 of The Open Meeting Law:

> The meetings or hearings of every agency at which formal action is scheduled or taken

are public meetings and shall be open to the public at all times. No formal action shall be valid unless such formal action is taken during a public meeting.

65 P.S. §262.

Because we conclude that the Board was incorrect in granting the variance, however, the fact that a public vote was not taken does not change the result in this case.

The order of the Court of Common Pleas of Columbia County is therefore affirmed.

ORDER

AND Now, January 31, 1984, an order dated May 5, 1982, of the Court of Common Pleas of Columbia County, reversing a grant of a variance on August 18, 1980 by the Zoning Hearing Board of Hemlock Township, is hereby affirmed.