601 A.2d 1328

**CENTER CITY RESIDENTS' ASSOCIATION**

v.

**ZONING BOARD OF ADJUSTMENT OF the CITY OF PHILADELPHIA and the City of Philadelphia and William E. Locke, Jr.**

**Appeal of William E. LOCKE, Jr.**

Commonwealth Court of Pennsylvania.

Argued March 4, 1991.

Decided Jan. 7, 1992.

</div>

546

Peter F. Kelsen, for appellant.

Stanley R. Krakower, for appellees.

Before DOYLE and KELLEY, JJ., and NARICK, Senior Judge.

DOYLE, Judge.

This is an appeal [1] by William E. Locke, Jr. from an order of the Court of Common Pleas of Philadelphia County reversing the decision of the Zoning Board of Adjustment of the City of Philadelphia (Board) which had granted Locke a variance.

Locke is the owner of the residential property located at 1737 Addison Street in the City of Philadelphia. Locke bought the property, a duplex, in 1984, relying on a City of Philadelphia Department of Licenses and Inspections certifi-

---

1. This case was reassigned to the opinion writer on September 10, 1991.

cate (Certificate) [2] which incorrectly stated that the property was legally used as a two-family dwelling. In the space designated "Current Zoning," the Certificate's preprinted language states "This Property is Located in a _____ district." The blank space in this case was filled in with the notation "Zoning not required." In fact, the district was zoned R–10A and only permitted one-family dwellings.

Locke later decided to sell the property and, consequently, applied for a new zoning and use certificate to give the new buyer. On doing so, he was advised that the use of the property as a duplex was illegal and that the Certificate he received was incorrect.

Thereafter, on July 18, 1988, Locke filed an application for the legalization of the use as a two-family dwelling, but the application was denied by the Department of Licenses and Inspections on August 11, 1988. The "Notice of Refusal of Permit" observed, *inter alia*, that a prior request for a variance for a two-family dwelling had been denied by the Board in 1968.

Locke appealed the permit refusal to the Board which found in his favor and granted a variance. The Board specifically found that Locke was not responsible for the faulty Certificate and that he had reasonably relied on it when he purchased the property.[3]

Center City Residents' Association (Association), an association comprised of neighboring property owners, appealed

2. This certificate must be delivered to the purchaser of real estate at or before settlement pursuant to Section 3(a) of the Act of July 27, 1955, P.L. 288, *as amended,* 21 P.S. § 613(a), (Act) which states: In any *city of the first class,* any city of the second class or in any city of the second class A, city of the third class borough, town, township of the first class or township of the second class which has adopted the provisions of this act it shall be unlawful for any owner to sell his property, or any interest therein, unless the owner shall first deliver to the purchaser at or prior to the time for settlement a certification of the District classification, issued by the appropriate municipal officer indicating the zoning classification and the legality of the existing use of the property to be sold. (Emphasis added.)

3. The Board determined that a claim against the seller would be an inadequate remedy for Locke. That issue, of course, is not an issue in this appeal, but we question its soundness.

to the Court of Common Pleas of Philadelphia County which decided the matter without taking additional evidence. The court reversed the Board on the grounds that the evidence did not support the finding that Locke reasonably relied on the erroneous Certificate.

Locke appeals to this Court and raises two issues: (1) whether the court erred in reversing the Board's determination regarding reasonable reliance on the Certificate because of insubstantial evidence; and (2) whether the court erred in finding that the evidence did not support the award of a variance.

 Where, as here, a common pleas court takes no additional evidence in a zoning appeal, our scope of review is limited to determining whether the Board committed a manifest abuse of discretion or an error of law in granting the variance. *Valley View Civic Association v. Zoning Board of Adjustment*, 501 Pa. 550, 462 A.2d 637 (1983). We may conclude the Board abused its discretion only if its findings are not supported by substantial evidence. *Id.*

 The Board's critical findings were:

1. Appellee William Locke purchased the subject property in 1984 in reliance upon City of Philadelphia, Department of Licenses and Inspections certification Statement No. 388906, which incorrectly indicated that the property was legally zoned as a two-family dwelling.

2. Appellee is not responsible for the faulty zoning certificate and reasonably relied upon it when he purchased the property. Upon attempting to sell the property, Appellee discovered that the subject property is not zoned for a two-family dwelling.

Finding 1 is a bit misleading as it may lead the reader to believe that Locke himself obtained the copy of the Certificate *from the Department of Licenses and Inspection.* However, Locke who is himself a professional developer, testified that he obtained the Certificate from the seller and that he never exercised any independent inquiry as to the veracity of the Certificate despite the highly unusual state-

ment that *zoning was not required* in the subject district. This Court cannot and will not challenge the Board's finding that Locke was not responsible for the faulty zoning certificate. However, whether Locke's reliance on that certificate was a proper basis to grant relief is ultimately a legal conclusion which is reviewable by this Court.

 Under the Philadelphia Zoning Code one requirement for the grant of a variance is "that the special condition for circumstances forming the basis for the variance did not result from the actions of the applicant." Chapter 14 of the Philadelphia Zoning Code, § 1802(1)(d). Here, Locke himself admitted that he made no effort to investigate the unusual statement in the Certificate at the time he purchased the property. The law holds that a property owner is duty-bound to check a property's zoning status and that the failure to do so when accompanied by a resulting lack of knowledge will not be sufficient for the issuance of a variance. *Lockwood v. Zoning Hearing Board of Millcreek Township,* 115 Pa.Commonwealth Ct. 368, 540 A.2d 336 (1988). While *Lockwood* would normally be satisfied where a prospective purchaser obtains a certificate under the Act, *see Ernsberger v. Zoning Board of Adjustment of the City of Pittsburgh,* 109 Pa.Commonwealth Ct. 373, 531 A.2d 98 (1987), *petition for allowance of appeal denied,* 517 Pa. 625, 538 A.2d 878 (1988), we hold that it is not satisfied where a professional developer relies upon a certificate which contains such a patently fraudulent statement as "Zoning [in Philadelphia] not required." To hold otherwise could open the door to affirmative fraud on the part of unscrupulous persons who could conspire with willing sellers to create fraudulent certificates.

*Sheedy v. Zoning Board of Adjustment,* 409 Pa. 655, 187 A.2d 907 (1963), and *Ernsberger,* both cited by Locke, provide no assistance for his position. In *Sheedy* the zoning board refused to grant a variance in 1945 but it "made no order and gave no warning" that it believed the then-existing use was in violation of the local zoning ordinance. It then, however, sought to enforce that ordinance in 1958

against the new owners, the Sheedys. The Supreme Court held that a variance should be granted. That case, however, did not involve a situation where a professional real estate developer was given a certificate which contained a patently fraudulent statement such as "no zoning required" for a major metropolitan area.

In *Ernsberger* the Certificate of Zoning Classification and Legality of Use stated that the building, which contained three residential units, was not in accordance with the use provisions of the zoning ordinance but that it qualified as a legal nonconforming use. It was determined, however, that an occupancy permit presented to the owner at settlement which purported to permit three residential units in the building in question was probably fraudulent. Here, however, unlike *Ernsberger*, the language "no zoning required" was so patently unusual that a reasonable person, especially a professional real estate developer, should have been put on notice to inquire further.

■ Examining further the Board's decision we note its conclusion of law No. 4 which reads:

> Evidence here establishes that a hardship unique to the property exists in that extensive costs[,] $30,000, would be required to demolish the existing two-family configuration and construct a single-family type dwelling and, thus, comply with the R–10A residential classification....

Even assuming that this finding is supported by substantial evidence, it still could not support the grant of a variance because it is well-settled that mere financial hardship will not in and of itself justify the grant of a variance. *Pincus v. Power*, 376 Pa. 175, 101 A.2d 914 (1954).

■ Finally, Locke contends that he is entitled to relief under a vested rights theory. The Board did not analyze Locke's application under this theory. No remand is required, however, because we believe that our conclusion that Locke's reliance on the Certificate was not reasonable would foreclose the Board from finding that he acted in

good faith, a necessary prerequisite to the grant of a variance on a vested rights theory. *See Ernsberger.*

Based upon the foregoing discussion, we affirm the order of the trial court.

## ORDER

NOW, January 7, 1992, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is hereby affirmed.