Paul T. BRUNO and Peter J. Bruno, Jr.

v.

ZONING BOARD OF ADJUSTMENT
OF CITY OF PHILADELPHIA
and Lucy Talio.

Appeal of Lucy TALIO, Appellant.

Commonwealth Court of Pennsylvania.

Argued May 8, 1995.

Decided Aug. 25, 1995.

Michael S. Chuhinka, for appellant.

Vincent Anthony De Fino and Cheryl L. Gaston, for appellees.

Before DOYLE and PELLEGRINI, JJ., and NARICK, Senior Judge.

DOYLE, Judge.

Lucy Talio (Objector) appeals an order of the Court of Common Pleas of Philadelphia County which granted the appeal of Paul T. and Peter J. Bruno (collectively, the Brunos) from a decision of the Philadelphia Zoning Board of Adjustment.

The relevant facts are as follows. On December 9, 1992, the Brunos applied for a Use Registration Permit for the erection of a one-story addition to the rear of their single family home for the storage of refrigerated food and meat. The property, a three-story row residential dwelling located at 840 League Street in Philadelphia, is situated in an R–10A Residential Zoning District. The application was denied and the Brunos appealed to the Zoning Board of Adjustment. A hearing was held before the Board on March 17, 1993. Ms. Talio, a representative resident of League Street, presented evidence in opposition to the Brunos' application. The transcript of the hearing, which the Brunos attended, reveals that the vote of the Board was taken that evening and was as follows:

CHAIRMAN KELLY: Calendar No. 93–0164, 840 League Street. My vote is yes with the proviso, all deliveries must be hand trucked in 840 League Street and no motor vehicle deliveries to 840 League Street.

| | |
|---|---|
| MS. LEONARD: | My vote is no. |
| MR. LOGAN: | No. |
| MR. BAILEY: | No. |
| MR. PARKER: | My vote is yes. |

(Notes of Testimony (N.T.) 3/17/93 at 41–42; Reproduced Record (R.R.) at 12a–13a.) However, in spite of the vote 3–2 to deny the Brunos' application for a variance, the following day the Board inexplicably issued a written notice to the Brunos which stated that the variance was **granted.** The notice included the proviso proposed by Chairman Kelly. On the other hand, Ms. Talio received a notice that the application for the variance had been **refused.**

Without further inquiry into the apparently changed result, the Brunos applied for and were granted the necessary permit. Ms. Talio, unaware of the notice received by the Brunos, did not file an appeal, of course, as there was no reason to do so. However, upon observing the work in progress on the Brunos' property, she complained to the Board. The Board, after consulting the official vote sheet of the Board, noted the error and issued a corrected notice of decision on August 12, 1993. This notice denied the variance and included a revocation of the permit which had been granted to the Brunos.

The Brunos filed an appeal to the court of common pleas, arguing that the Board lacked jurisdiction to amend its notice of decision after the expiration of the thirty day appeal period. The trial court, considering the Brunos' appeal as an equity action, determined that the Brunos had acquired "vested rights" in their permit, and that the second order of the Board must be rescinded on "estoppel grounds." This appeal followed.

Ms. Talio argues that the trial court erred (1) in not considering the oral vote of the Board as the valid and correct adjudication instead of the erroneous notice of decision issued on March 18, 1993, (2) by finding that the Board lacked the authority to correct the clerical error and issue a new notice of decision after the expiration of thirty days, and (3) by finding that the Brunos satisfied the requirements necessary to establish "vested rights" in the permit based on their reliance on the erroneous March 18, 1993 notice.

Ms. Talio argues that the oral decision issued by the Board in the presence of the parties on March 17, 1993, constituted a valid adjudication; thus, the March 18, 1993 notice

which was sent to the Brunos was nothing more than an incorrect memorialization of that decision. The Brunos, citing Section 908 of the Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10908, argue that, since all adjudications by the Board are required to be in writing, the written notice which they received was the final adjudication of the Board.

■ The Brunos' argument suffers from several flaws. First, an "adjudication" is defined by Section 101 of the Administrative Agency Law, 2 Pa.C.S. § 101, as follows: [1]

Any final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made. . . .

There is nothing in this definition which requires that a decision of an agency be in writing before it is a final adjudication, although generally it is.

■ Second, the requirement that adjudications be in writing goes to the reviewability of an adjudication, not to its validity. *Madeja v. Whitehall Township,* 73 Pa.Commonwealth Ct. 34, 457 A.2d 603 (1983). Accordingly, we have repeatedly held that the remedy for the insufficiency or absence of a written adjudication is a remand to the agency, not a complete invalidation of the decision.[2] *E.g., Madeja.* The importance of the public vote of the Board relative the written decision is underscored by cases which explain the provisions of the Sunshine Act (Act), Act of July 3, 1986, P.L. 388, 65 P.S. §§ 271–286, where the important occurrence is the voice vote of zoning board members at a public meeting. All "formal actions" of the board are required to be in public under the Act. The writing, which permits appellate

courts to perform a meaningful review of the board's decision, is not considered a "formal action" and need not be issued during public meetings. *Piecknick v. South Strabane Township,* 147 Pa.Commonwealth Ct. 308, 607 A.2d 829 (1992); *Glennon v. Zoning Hearing Board Lower Milford Township,* 108 Pa.Commonwealth Ct. 371, 529 A.2d 1171 (1987); *Pae v. Hilltown Township Zoning Hearing Board,* 35 Pa.Commonwealth Ct. 229, 385 A.2d 616 (1978); *cf. Skopic v. Zoning Hearing Board of Hemlock Township,* 80 Pa.Commonwealth Ct. 60, 471 A.2d 123 (1984) (decision of the zoning hearing board issued in writing but not publicly announced was invalid). Therefore, we conclude that the oral vote of the Board constituted a valid adjudication.

■ Brunos also argue that the Board had no authority to correct the notice of decision. We disagree. Courts and administrative agencies have the inherent authority to correct obvious typographical and clerical errors. *Joseph H. Cohen, Inc. v. Workmen's Compensation Appeal Board,* 33 Pa.Commonwealth Ct. 349, 381 A.2d 1330 (1978). The administrator for the Board testified that a clerk typed the zoning notices based on the vote reprinted on the official voting sheet for each case. (See R.R. at 15a.) We find that the Board was justified in issuing a corrected notice of decision after the expiration of the appeal period, since such action was merely the correction of an obvious clerical mistake that required no act of discretion or further factfinding. *Id.*

Ms. Talio argues that the trial court erred in holding that the Brunos had acquired a vested right to the permit issued in reliance upon the erroneous notice of decision.[3]

---

1. Section 101 of the Administrative Agency Law applies equally to local agencies governed by the Local Agency Law. *Ambron v. Philadelphia Civil Service Commission,* 54 Pa.Commonwealth Ct. 488, 422 A.2d 225 (1980).

2. We would also note that the Brunos reliance on the Municipalities Planning Code is misplaced as the Code's provisions do not apply to zoning matters in the City of Philadelphia. *West Torresdale Civic Assoc. v. Zoning Board of Adjustment,* 525 Pa. 106, 576 A.2d 352 (1988).

3. Since through an admitted error on the part of the Board, each of the parties received a different written notification, we must turn then to equity principles, *i.e.* the concept of "vested rights." We can see no reason, however, why the writing received by the Brunos should be considered more "valid" than the contrary notice from the Board received by Ms. Talio.

Generally, a permit issued under a mistake of fact confers no vested right or privilege, and may be revoked at any time. *Nowak v. Zoning Board of Bridgeville Borough,* 111 Pa.Commonwealth Ct. 470, 534 A.2d 165 (1987). However, the concept of vested rights "is a judicial construct designed to provide individual relief in zoning cases involving egregious statutory or bureaucratic inequities." *Highland Park Community Club v. Zoning Board of Adjustment,* 509 Pa. 605, 612, 506 A.2d 887, 891 (1986). Accordingly, the Supreme Court in *Petrosky v. Zoning Hearing Board of Upper Chichester Township,* 485 Pa. 501, 402 A.2d 1385 (1979), enunciated five elements which must be met in order for the Brunos to have acquired vested rights in the permit issued:

1. [permit holder's] due diligence in attempting to comply with the law;

2. his good faith throughout the proceedings;

3. the expenditure of substantial unrecoverable funds;

4. the expiration without appeal of the period during which an appeal could have been taken from the issuance of the permit;

5. the insufficiency of the evidence to prove that individual property rights or the public health, safety or welfare would be adversely affected by the use of the permit.

485 Pa. at 507, 402 A.2d at 1388.

First, in order to determine whether the Brunos acted in good faith, their reliance on the erroneous notice of decision must at least have been reasonable. *See Center City Residents' Association v. Zoning Board of Adjustment,* 144 Pa.Commonwealth Ct. 545, 601 A.2d 1328 (1992) (since reliance on an erroneously issued permit was not reasonable, it is not likely that the landowner's actions were in good faith).

In *Center City Residents' Association* the landowner bought property and was given a zoning certificate which stated "zoning not required" for the area of Philadelphia where the property was located. We held that this notation was so patently unusual that the landowner, a professional developer, should have inquired further into the veracity of the certification. Thus, his reliance on this certificate was not so reasonable that he should have been granted a variance.

In contrast, the landowner in *Ernsberger v. Zoning Board of Adjustment of City of Pittsburgh,* 109 Pa.Commonwealth Ct. 373, 531 A.2d 98 (1987), *petition for allowance of appeal denied,* 517 Pa. 625, 538 A.2d 878 (1988), had a fraudulent occupancy permit which stated that the multiple family occupancy of the building which he purchased in reliance upon the permit, was a legal nonconforming use. The landowner discovered that the permit was a forgery and filed an application for a new permit which was denied. This Court held that the landowner had exercised good faith in relying on the fraudulent permit, because he had no reason to inquire into its authenticity.

Paul Bruno testified that when he received the written notice he simply thought that the Board members had changed their minds. We find that the Brunos had an obvious reason to inquire into the accuracy of the notice of decision. First and foremost, they were present at the hearing and heard the vote of the Board. Second, the Board could not legally have changed its mind without holding another hearing in accordance with the Sunshine Act. *See Skopic* (a decision of the zoning board which was issued in writing but not publicly announced violated the opening meeting law). Third, the proviso which was noted on the notice could not have been passed without a majority vote after a public hearing. Certainly there were enough obvious inconsistencies in the written notice to the Brunos that they should have reasonably suspected that something was amiss, or even that a clerical error had occurred.[4] Accordingly, we hold that, as a matter of law, the Brunos failed to exercise good faith and have not established vested rights in the

---

4. We would note that Brunos were represented by counsel, and cannot now argue that they were not aware of provisions of the law which govern proceedings of the Board, in accordance with the oft quoted maxim, "ignorance of the law is no excuse;" nor will the advice of legal counsel alone provide a basis for a claim of good faith.

erroneously issued permit. *See Center City Residents' Association* (whether property owner's reliance on a fraudulent zoning certificate was a proper basis to grant relief is a legal question reviewable by this Court). In the absence of an applicant's good faith, no vested rights can be created. *See, e.g., Bogush v. Zoning Hearing Board of the Borough of Coplay,* 63 Pa.Commonwealth Ct. 280, 437 A.2d 1086 (1981). Thus, the order of the trial court must be reversed.

### ORDER

NOW, August 25, 1995, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is hereby reversed. The corrected order of the Zoning Board of Adjustment is reinstated.