IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania    :
    :
       v.    : No. 1674 C.D. 2017
    : Submitted: September 28, 2018
Lawrence Brandon,    :
        Appellant    :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT         FILED: November 26, 2018

Lawrence Brandon (Brandon) appeals, *pro se*, an order of the Court of Common Pleas of Cambria County (trial court) denying his *de novo* appeal of a summary conviction for storing unregistered vehicles on his property. Finding no error by the trial court, we affirm.

In late 2016, the City of Johnstown's code enforcement officer, LeRoy Palov (Palov), investigated violations of city codes on Ash Street. Palov observed three uninspected and unregistered vehicles on Brandon's property, each in a state of disrepair and covered with weeds. Palov cited Brandon for a violation of Section 302.8 of the "International Property Maintenance Code" (2009 ed.) (Property Maintenance Code), which the City of Johnstown has adopted. Section 302.8 of the Property Maintenance Code provides, in pertinent part:

> 302.8 Motor Vehicles. Except as provided for in other regulations, no inoperative or unlicensed motor vehicle shall be parked, kept or stored on any *premises*, and no vehicle shall at any time be in a state of major disassembly, disrepair, or in the process of being stripped or dismantled.

PROPERTY MAINTENANCE CODE, ch. 3, §302.8 (emphasis in original).

Palov filed a private criminal complaint on December 6, 2016. On January 10, 2017, the magisterial district judge found Brandon guilty after a summary trial. Brandon appealed to the trial court.

On July 21, 2017, the trial court held a *de novo* hearing. At the hearing, Palov testified that the three uninspected and unregistered vehicles he observed on Brandon's property were there when he began his position as the City's code enforcement officer in 2010 and, to the best of his knowledge, had never been moved. Palov offered photographs showing the vehicles in a state of disrepair and covered with vines and weeds. Palov testified that he spoke to Brandon on numerous occasions and gave him the opportunity to remedy the violations.

Brandon testified on his own behalf. He did not dispute the facts but contended that the Property Maintenance Code, as an international code, did not apply to him, a citizen of Johnstown, because it was not enacted by Pennsylvania's General Assembly. The trial court rejected Brandon's legal position, explaining that the City was authorized by Pennsylvania statute to adopt the Property Maintenance Code as its own, even though it was modeled after an international model code.[1] The trial court found Brandon guilty of the charged offense and sentenced him to pay a $100 fine, plus costs. Brandon filed a notice of appeal on August 18, 2017. In its Pennsylvania Rule of Appellate Procedure 1925(a) Opinion, the trial court explained that Brandon's appeal should be dismissed because the issues raised were too ambiguous to discern.

---

[1] Brandon has not raised this issue on appeal. Nevertheless, we agree with the trial court's reasoning.

On appeal to this Court,[2] Brandon first argues that the proceeding against him should have been commenced by an enforcement proceeding under Section 616.1 of the Pennsylvania Municipalities Planning Code (MPC), 53 P.S. §10616.1,[3] with the zoning hearing board having exclusive jurisdiction. Second, Brandon argues that the complaint filed against him was defective because the caption contained an error. Third, Brandon contends that Section 302.8 of the Property Maintenance Code, under which he was convicted, cannot be enforced because it was "deleted." Brandon Brief at 11.

We first address Brandon's argument that the proceeding against him should have been commenced under the MPC, and that the zoning hearing board should have had exclusive jurisdiction. Brandon did not raise this issue before the trial court, and therefore, the issue is waived. PA. R.A.P. 302(a).[4] Even if Brandon had preserved the issue below, his argument lacks merit.

Section 616.1 of the MPC, 53 P.S. §10616.1,[5] authorizes a municipality to initiate enforcement proceedings for a violation of the municipality zoning ordinance. Brandon argues that these provisions of the MPC should have been used in his case. However, the City did not charge Brandon with violating a zoning

---

[2] Our review determines whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial competent evidence. *Seton Company v. Unemployment Compensation Board of Review*, 663 A.2d 296, 298 n.2 (Pa. Cmwlth. 1995).

[3] Act of July 31, 1968, P.L. 805, *as amended*, added by the Act of December 21, 1988, P.L. 1329, 53 P.S. §10616.1.

[4] It states that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." PA. R.A.P. 302(a).

[5] Section 616.1(a) provides, in relevant part: "[i]f it appears to the municipality that *a violation of any zoning ordinance enacted* under this act or prior enabling laws has occurred, *the municipality shall initiate enforcement proceedings* by sending an enforcement notice as provided in this section." 53 P.S. §10616.1(a) (emphasis added). Further, the "recipient of the notice has the right to appeal to the zoning hearing board…." 53 P.S. §10616.1(c)(5).

ordinance.  Johnstown, as a city of the Third Class, has been authorized to adopt a property maintenance code.  Section 141A04(a) of the Third Class City Code states, in relevant part, that "a city may enact a property maintenance ordinance, including a standard or nationally recognized property maintenance code or a change or variation."  11 Pa. C.S. §141A04(a).

Pursuant to Section 141A04(a), the City enacted a property maintenance ordinance, which states as follows:

> There is hereby adopted by the City in its entirety, for the purpose of establishing standards and specifications for property maintenance, administrative controls and technical guidelines for rehabilitation and re-use of existing buildings, and minimum requirements for hazard and nuisance abatement in all buildings and on all properties, as set forth therein, that certain code known as the <u>International Property Maintenance Code</u>, the 2009 edition, and subsequent editions, as published by the International Code Council, Inc., save and except such provisions as are hereinafter deleted or amended.

JOHNSTOWN, PA., BUILDING AND HOUSING CODE ch. 1428, §1428.01 (2009).[6]  The City's code enforcement officer charged Brandon with violating the City's Property Maintenance Code, for having the unregistered vehicles on his property.  The City's zoning ordinance is inapposite.

Further, a violation of the Property Maintenance Code is punishable by imprisonment or payment of a fine; stated otherwise, violations are pursued in a criminal proceeding.[7]  *Borough of West Chester v. Lal*, 426 A.2d 603, 605 (Pa. 1981)

---

[6] The City of Johnstown's Building and Housing Code is available online at http://library.amlegal.com/nxt/gateway.dll/Pennsylvania/johnstown_pa/codifiedordinancesofjohnstownpennsylvani?f=templates$fn=default.htm$3.0$vid=amlegal:johnstown_pa (last visited Oct. 16, 2018).

[7] Section 1428.99 of the Building and Housing Code provides:

4

(explaining that municipal ordinances which provide for imprisonment upon conviction or failure to pay a fine or penalty are "Penal Laws," and included in the definition of "criminal proceedings"). In contrast, the Johnstown Zoning Code provides that in the event of a zoning ordinance violation, the City may commence only a civil enforcement action. The Johnstown Zoning Code provides for a civil penalty of not more than $500.00, plus court costs. JOHNSTOWN, PA., PLANNING AND ZONING CODE ch. 1260, §1260.212 (2013). In short, the Property Maintenance Code bears no relation to the Planning and Zoning Code.

Next, we address Brandon's argument that the complaint filed against him was defective because the caption read "Brandon Lawrence." Subsequent documents, including the summary appeal docket, correctly identify Lawrence Brandon as the appellant. Courts and administrative agencies have the authority to correct obvious typographical and clerical errors. *Bruno v. Zoning Board of Adjustment of City of Philadelphia*, 664 A.2d 1077 (Pa. Cmwlth. 1995) (finding that the zoning board of adjustment was justified in correcting an obvious clerical mistake that required no act of discretion or further fact finding). Further, at the

---

The City may institute proceedings under this chapter by the issuance of a "notice of violation letter," assessing a civil penalty of twenty-five dollars ($25.00) for each offense, and provide the parties in violation of said chapter the opportunity to abate the violation and pay said civil penalty in lieu of the institution of proceedings and the imposition of the other stated penalties set forth herein. The City, through its City Manager, Code Enforcement Officer and/or Solicitor, is authorized to file a non-traffic criminal citation pursuant to the Rule of Criminal Procedure 4403 as a *summary offense punishable by a one thousand dollar ($1,000.00) fine and/or 90 days of imprisonment.* Pursuant to the Rule of Criminal Procedure 4462(b) the City, through its Solicitor, may prosecute any de novo summary appeal of any conviction of such violations as approved by the District Attorney's Office, Cambria County, Pennsylvania via written correspondence on June 22, 2017. If no specific penalty is provided then Section 202.99 for general code violations.

JOHNSTOWN, PA., BUILDING AND HOUSING CODE ch. 1428, §1428.99 (2009) (emphasis added).

summary appeal hearing, Brandon did not contest that he owned the property or that the vehicles were on the property. Palov also identified Lawrence Brandon in open court as the owner of the property and the vehicles. For these reasons, Brandon's argument lacks merit.

Finally, we address Brandon's argument that Section 302.8 of the Property Maintenance Code cannot be enforced because it was "deleted." Brandon Brief at 11. Brandon failed to raise this issue before the trial court; therefore, the issue is waived. PA. R.A.P. 302. To the extent that Brandon is arguing Section 302.8 has been repealed, the Court's own research indicates that Section 302.8 of the 2009 edition of the Property Maintenance Code has not been repealed and remains in force.

For all of the foregoing reasons, we affirm.

_____
MARY HANNAH LEAVITT, President Judge

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania          :
                                      :
                v.                    :  No. 1674 C.D. 2017
                                      :
Lawrence Brandon,                     :
                Appellant             :

# **O R D E R**

AND NOW, this 26th day of November, 2018, the order of the Cambria County Court of Common Pleas dated July 21, 2017, is hereby AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge