**SOCIETY CREATED TO REDUCE URBAN BLIGHT (SCRUB), Mary Cawley Tracy, Councilman David Cohen, Carol Sander and The Bridesburg Civic Association,**

v.

**ZONING BOARD OF ADJUSTMENT OF THE CITY OF PHILADELPHIA, Arsenal Business Center, and Eller Media Company.**

**Appeal of Arsenal Business Center and Eller Media Company.**

Commonwealth Court of Pennsylvania.

Argued June 10, 2002.

Decided Aug. 2, 2002.

David L. Braverman, Philadelphia, for Appellant, Arsenal Business Center.

Glenn A. Weiner, Philadelphia, for Appellant, Eller Media Company.

Samuel C. Stretton, West Chester, for Appellees.

BEFORE: McGINLEY, J., SMITH-RIBNER, J., and McCLOSKEY, Senior Judge.

OPINION BY Judge SMITH-RIBNER.

Appellants Arsenal Business Center and Eller Media Company appeal from the order of the Court of Common Pleas of Philadelphia County that reversed the decision of the Zoning Board of Adjustment of the City of Philadelphia (Board) granting a variance to Appellants to erect two new freestanding double-faced outdoor advertising signs on Arsenal's property. Appellants contend that the trial court erred in concluding that the record did not contain substantial evidence to support the Board's decision that denying the variance would result in unnecessary hardship to Appellants and that granting the variance was not contrary to the public interest. Appellants also contend that the trial court erred in deciding this matter without first receiving findings of fact and conclusions of law from the Board.

On October 14, 1999, Appellant Eller filed an application with the Department of Licenses and Inspections (L&I) for zoning and use permits to erect two 20 feet × 60 feet freestanding, double-faced outdoor advertising signs on its property at 2275 Bridge Street in Philadelphia (Property). It is the location of the Frankford Arsenal, where the federal government manufactured and stored military hardware and

munitions from the 1820s until the late 1970s. The Property comprises approximately 86 acres with a commercial complex of 67 buildings, some of which are over 100 years of age. Tacony Avenue and Interstate 95 borders the Property to the west, Frankford Creek and Delaware Avenue to the east and Bridge Street to the south. The Property is zoned G–2 Industrial and is surrounded by commercial and industrial properties, with a small residential area located to the west. The Property currently houses the Arsenal Business Center, which contains a number of commercial enterprises that rent space. A part of the Property has been designated as a National Historic District.

L&I refused the permits five days later for lack of compliance with the outdoor advertising regulations in Section 14–1604 of the Philadelphia Zoning Code, which governs outdoor advertising and non-accessory advertising. Specifically, L&I refused the permits because (1) another sign of equal size was not being removed; (2) the signs exceeded the maximum allowable sign area per sign support structure; (3) the signs were within 660 feet of ingress/egress ramps of Interstate 95; (4) the signs were within 300 feet of a residential district; and (5) the signs were within 500 feet of two other existing signs.[1]

Appellants appealed to the Board from L&I's refusal of the permits. After holding a public hearing on April 17, 2000, the Board notified Appellants on June 21, 2000 that it had granted the zoning and use variances for the signs. The Board did not, however, issue findings of fact and conclusions of law. The Society Created to Reduce Urban Blight (SCRUB), Mary Cawley Tracy, Councilman David Cohen, Carol Sander and Bridesburg Civic Association appealed from the Board's decision. On September 6, 2000, the trial court directed the Board to make findings of fact and conclusions of law on or before October 20, 2000, but the Board failed to comply with the court's order. On December 27, 2000, counsel for SCRUB elected to proceed with oral argument, without waiting for the Board to produce its findings of fact and conclusions of law.[2]

The trial court issued an order on February 6, 2001 reversing the Board's decision. The court noted that a party seeking a variance bears the burden of proving that an unnecessary hardship will result if the variance is denied and of proving that the proposed use will not be contrary to the public interest, citing *City of Pittsburgh v. Zoning Board of Adjustment of City of Pittsburgh*, 522 Pa. 44, 559 A.2d 896 (1989). Based on its review of the record developed before the Board, the court determined that the record does not

---

1. Section 14–1604(10)(c) requires the removal of an existing sign or signs encompassing equal sign area for each outdoor advertising sign erected. Section 14–1604(5) limits the maximum sign area of any outdoor advertising sign. Section 14–1604(9)(b), among other things, prohibits the erection of outdoor advertising signs within 660 feet of ingress/egress ramps of Interstate 95. Section 14–1604(4) prohibits the erection of outdoor advertising signs within 300 feet of any residentially zoned property. Section 14–1604(3) prohibits outdoor advertising and non-accessory signs within 500 feet of any other outdoor advertising sign.

2. The Court's review of the order of the court of common pleas is limited here to determining whether the Board committed an error of law or an abuse of discretion. *Society Created to Reduce Urban Blight (SCRUB) v. Zoning Board of Adjustment of City of Philadelphia*, 772 A.2d 1040 (Pa.Cmwlth.2001). That standard applies when the court takes no additional evidence and reviews the case solely on the record developed before the Board. *See Larsen v. Zoning Board of Adjustment of City of Pittsburgh*, 543 Pa. 415, 672 A.2d 286 (1996).

contain substantial evidence to support a finding that Appellants had met either of these requirements. The court stated that the record was utterly devoid of any evidence of Appellants' claim of unnecessary hardship resulting from the denial of the variance. The court also stated that granting the variance would be contrary to the public policy statement promulgated in Section 14–1604, which indicated to the court a clear prohibition of signs at the Bridge Street location. In its order, the court specifically noted that the Board had not filed its findings of fact and conclusions law and that the Board's failure in this regard had left the court without guidance as to the basis for the Board's decision.

■ The dispositions of zoning appeals in Philadelphia are governed by Section 754 of the Local Agency Law, 2 Pa.C.S. § 754. *Mulberry Market, Inc. v. City of Philadelphia, Board of License & Inspection Review,* 735 A.2d 761 (Pa.Cmwlth. 1999). Pursuant to Section 754(b), the court must affirm the decision of the local agency when it has developed a complete record, as here, unless the court determines that necessary findings of fact are not supported by substantial evidence, that constitutional rights were violated, that an error of law was committed or that the procedures followed before the agency were contrary to statute. *Public Advocate v. Philadelphia Gas Commission,* 544 Pa. 129, 674 A.2d 1056 (1996). Under Section 754(a), when a full and complete record is not made before the local agency, the court may hear the appeal de novo or remand to the agency to make a full and complete record or further disposition in accordance with the court's order.

■ In another case also governed by Section 754, *Frey v. Zoning Board of Adjustment of City of Pittsburgh,* 74 Pa. Cmwlth. 360, 459 A.2d 917 (1983), this Court held that the trial court had exceeded its scope of review by making its own factual findings based on the zoning board's record. In that case, like the instant case, the zoning board had failed to make findings of fact to support its decision. The Court explained that the proper procedure was instead to remand the matter back to the zoning board to obtain the essential factual determinations and that only when the zoning board fails to make a full and complete record may the trial court conduct a hearing to take additional evidence and make its own findings of fact. Nowhere in Section 754 is the reviewing court given general authority to make its own findings of fact and conclusions of law when the local agency has developed a full and complete record but omitted making its findings of fact and conclusions of law.[3] *See also Brighton Enterprises, Inc. v. City of Philadelphia,* 95 Pa.Cmwlth. 409, 505 A.2d 1084 (1986) (holding that a trial court exceeded its scope of review by making a finding of fact not made by the zoning board without receiving additional evidence).

While the Court empathizes with the trial court's desire to promptly dispose of this matter, the court simply does not have the authority to do so without first receiving findings of fact and conclusions of law from the Board. This holding is particu-

---

3. A different result would be reached if this were a case governed by Section 1005–A of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 11005–A. When the record does not include findings of fact, Section 1005–A provides that the trial court "shall make its own findings of fact based on the record below...." Thus in zoning cases governed by the MPC, the trial court may make its own factual findings, even if it takes no additional evidence, when the zoning board failed to do so. *Koutrakos v. Zoning Hearing Board of Newtown Township,* 685 A.2d 639 (Pa.Cmwlth.1996). The Court, however, has rejected any effort to transplant this same rule to cases governed by Section 754 of the Local Agency Law. *Mulberry Market; Frey.*

larly warranted where, as here, the record contains voluminous documentary evidence and multiple witnesses and extensive testimony, some of which was presented by expert witnesses. Accordingly, the Court vacates the trial court's order, and it remands this matter to the trial court with directions to remand to the Board to produce findings of fact and conclusions of law by a date to be set by the court. If the Board fails to produce findings of fact and conclusions of law the trial court shall take such action as is necessary to enforce its remand order.

### ORDER

AND NOW, this 2nd day of August, 2002, the order of the Court of Common Pleas of Philadelphia County is vacated. The Court remands this case to the Court of Common Pleas with instructions for it to remand the case to the Zoning Board of Adjustment of the City of Philadelphia to produce by a date certain findings of fact and conclusions of law in accordance with the foregoing opinion.

Jurisdiction is relinquished.