# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Darin Bielby      :
           :
    v.      :
           :
Zoning Board of Adjustment of the :
City of Philadelphia and Carla  :
Willard, Connie Winters, Michael :
Ramos, Susan Wright, Julia Mann, :
and Glandnair Carter    :
           :
Appeal of: Carla Willard, Connie :
Winters, Michael Ramos, Susan :
Wright, Julia Mann, and Glandnair :
Carter[1]        : No. 1177 C.D. 2018
           :
Darin Bielby      :
           :
    v.      :
           :
Zoning Board of Adjustment of the :
City of Philadelphia and Carla  :
Willard, Connie Winters, Michael :
Ramos, Susan Wright, Julia Mann, :
and Glandnair Carter    :
           :
Appeal of: Carla Willard, Connie : No. 1419 C.D. 2018
Winters, Michael Ramos and Susan : No. 1420 C.D. 2018
Wright       : Argued: September 9, 2019

BEFORE: HONORABLE ANNE E. COVEY, Judge
     HONORABLE MICHAEL H. WOJCIK, Judge
     HONORABLE ROBERT SIMPSON, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY       FILED: October 10, 2019

---

[1] On October 26, 2018, Julia Mann and Glandnair Carter filed a Notice of Non-Participation in the appeal to this Court.

Carla Willard, Connie Winters, Michael Ramos and Susan Wright (collectively, Objectors) appeal from the Philadelphia County Common Pleas Court's (trial court) August 10, 2018 order (August 10, 2018 Order) scheduling a *de novo* hearing of the City of Philadelphia (City) Zoning Board of Adjustment's (ZBA) October 4, 2017 proviso; and the trial court's October 1, 2018 order affirming the ZBA's October 4, 2017 granting of variances and reversing the ZBA's October 4, 2017 proviso, striking Objectors' intervention and denying Darin Bielby's (Applicant) motion for sanctions. Objectors present four issues for this Court's review: (1) whether the trial court erred by striking Objectors' intervention; (2) whether the trial court erred by failing to remand this matter to the ZBA; (3) whether the trial court erred by ordering a hearing *de novo*; and (4) whether the trial court erred by precluding Objectors from participating at the trial court hearing.

**BACKGROUND**

On May 30, 2017, Applicant applied to the City's Department of Licenses and Inspections (L&I) for a zoning use registration permit to renovate 224-230 West Tulpehocken Street (Property). Applicant sought to convert a former nursing home located on the Property into a mixed-use building with 14 residential units, add a commercial space, erect a second story along Pastorius Street, and add 21 accessory parking spaces (Application). On June 20, 2017, L&I denied the Application because, *inter alia*, the proposed multi-family use was not permitted in the Property's residential single-family detached zoning district, the proposed accessory parking was not permitted in the required front set-back from Pastorius Street, and mandatory landscaping and buffers were not proposed for the accessory parking.

Applicant appealed to the ZBA on July 14, 2017. Thereafter, Applicant revised his plan to address concerns raised at registered community organization

meetings by removing two parking spaces, relocating five of the proposed new parking spaces along Pastorius Street to the interior lot, and adding landscaped areas to the remaining proposed parking spaces along Pastorius Street. Applicant also withdrew his request for a commercial use variance and changed that space to a common area for tenants.

The ZBA held a hearing on October 4, 2017, at which it approved the variances subject to a proviso restricting parking and additional curb cuts on Pastorius Street. The ZBA's October 13, 2017 Notice of Decision contained a proviso stating no parking on Pastorius Street and curb cut on Tulpehocken Street only. On October 13, 2017, Applicant filed a motion for reconsideration of the proviso with the ZBA. On October 17, 2017, Objectors filed a motion for reconsideration with the ZBA seeking an enforceable proviso forbidding ingress and egress to the Property from the existing Pastorius Street driveway, and reconsideration of whether Applicant established a hardship to justify the subject variances.

On November 1, 2017, the ZBA vacated its October 13, 2017 Notice of Decision and issued a new decision without granting either request for reconsideration. The November 10, 2017 Notice of Decision approved the variances but with a new proviso stating entry curb cut for emergency vehicles only, no ingress/egress from Pastorius Street and existing curb cut to be removed or physical barrier erected.

On November 3, 2017, Applicant appealed from the ZBA's October 4, 2017 decision to the trial court. On November 20, 2017, Applicant appealed from the ZBA's November 1, 2017 decision to the trial court. On November 22, 2017, Objectors filed a request for reconsideration of the ZBA's November 1, 2017 proviso and modification of the variances with the ZBA. On November 29, 2017, the ZBA granted Objectors' request for reconsideration and rehearing, but did not schedule a hearing due to Applicant's appeals to the trial court.

3

On December 1, 2017, Objectors filed cross-appeals to Applicant's appeals to the trial court. On December 29, 2017, Applicant filed a Motion to Consolidate, Enjoin, Quash and/or Strike, Sanction, Recuse and/or Disqualify. Specifically, Applicant asked the trial court to quash or strike both of Objectors' entry of appearances and cross-appeals, and to impose sanctions against Objectors' counsel for untimely filing an appeal from the ZBA decision. On January 17, 2018, Objectors filed a Motion for Leave to Correct Caption of Praecipe to Intervene, requesting the trial court to treat the Notice of Cross-Appeal as a Praecipe to Intervene.

On March 13, 2018, the trial court denied Applicant's motion for sanctions, but granted Applicant's motion to consolidate and request to strike or quash Objectors' cross-appeals without prejudice to Objectors filing a Praecipe to Intervene. The trial court also granted Objectors' Motion for Leave to Correct Caption, in part, to allow Objectors leave to amend the Notice of Cross-Appeal and refile as a Praecipe to Intervene. On March 15, 2018, Objectors filed an Amended Praecipe to Intervene.

On July 18, 2018, the trial court heard oral argument and ordered a hearing *de novo* on the ZBA's October 4, 2017 proviso only. On August 10, 2018, the trial court issued an order scheduling the *de novo* hearing for August 22, 2018, and directing all parties to file witness lists by August 17, 2018.[2] On August 14, 2018, Objectors appealed from the trial court's August 10, 2018 Order to this Court. On August 15, 2018, the trial court ordered Objectors to file a Concise Statement of the Matters Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) (Rule 1925(b) Statement). Objectors timely filed their Rule 1925(b) Statement. (By September 4, 2018 order, this Court directed the parties to

---

[2] Objectors did not file a witness list.

4

address the appealability of the trial court's August 10, 2018 Order in their briefs on the merits.)[3]

On August 22, 2018, the trial court held a *de novo* hearing limited to only the evidence Applicant presented to the ZBA on October 4, 2017. The trial court granted Applicant's motion to preclude Objectors from presenting witnesses at the hearing because they failed to file a witness list as the trial court ordered. On August 27, 2018, Objectors filed post-trial motions requesting that the trial court reopen the record and order a new trial on the basis of newly discovered evidence and adverse precedence.

On October 1, 2018, the trial court affirmed the ZBA's October 4, 2017 decision granting the variances, but reversed the proviso, declared that all of the ZBA's actions after October 4, 2017 were null and void, struck Objectors' intervention and denied Applicant's request for monetary sanctions.[4] On October 4, 2018, the trial court filed its opinion. On October 5, 2018, the trial court denied Objectors' post-trial motions. On October 10, 2018, Objectors appealed from the trial court's October 1, 2018 order to this Court.[5] On October 16, 2018, the trial court ordered Objectors to file a Rule 1925(b) Statement. On October 23, 2018, Objectors filed an Application for Stay or Supersedeas Pending Appeal (Application for Stay) and Consolidation of Appeals (Application to Consolidate). By October 25, 2018

---

[3] Notwithstanding, the parties did not address the appealability of the trial court's August 10, 2018 order in their briefs.

[4] Applicant renewed his request for sanctions at the July 18, 2018 hearing, at which time the trial court deferred argument to the August 22, 2018 hearing.

[5] Where the parties present no additional evidence, "our review is limited to determining whether the ZBA committed an abuse of discretion or an error of law." *Soc'y Hill Civic Ass'n v. Phila. Zoning Bd. of Adjustment*, 42 A.3d 1178, 1185 n.2 (Pa. Cmwlth. 2012). "Where the trial court has taken evidence, it hears the matter *de novo,* and our review is limited to a determination of whether the trial judge committed an abuse of discretion or an error of law." *Bailey v. Zoning Bd. of Adjustment of the City of Phila.*, 742 A.2d 247, 249 n.7 (Pa. Cmwlth. 1999), *aff'd*, 801 A.2d 492 (Pa. 2002).

order, this Court denied Objectors' Application for Stay without prejudice.[6]   On November 6, 2018, Objectors filed their Rule 1925(b) Statement.  By November 28, 2018 order, this Court granted Objectors' Application to Consolidate.

On December 28, 2018, Objectors filed a second application for a limited stay of that portion of the trial court's order reversing the ZBA's proviso pending appeal (Second Stay Application) and dismissing Objectors' intervention for lack of standing.  By January 25, 2019 order, this Court scheduled a hearing on Objectors' Second Stay Application.  On February 19, 2019, the trial court filed its opinion.  On March 21, 2019, this Court denied Objectors' Second Stay Application.

## DISCUSSION

**August 10, 2018 Order**

Initially, we address this Court's September 4, 2018 order directing the parties to address the appealability of the August 10, 2018 Order in their briefs on the merits.  Because Objectors also appealed from the trial court's October 1, 2018 order,[7] and this Court granted Objectors' Application to Consolidate, the appealability of the August 10, 2018 Order is moot, as the August 10, 2018 Order is now ripe for review.  *See Duquesne City Sch. Dist. v. Comensky* (Pa. Cmwlth. No. 1587 C.D. 2010, filed February 24, 2012)[8] ("'Once an appeal is filed from a final order, all prior interlocutory orders become reviewable.'  *In re Bridgeport Fire*

---

[6] This Court denied the Application for Stay because a same or similar application was pending before the trial court.  *See* October 25, 2018 Order.

[7] It is undisputed that the trial court's October 1, 2018 order is final and appealable.

[8] This Court acknowledges that its unreported memorandum opinions may only be cited "for [their] persuasive value, but not as binding precedent."  Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

*Litigation*, 8 A.3d 1270, 1278 (Pa. Super. 2010) (quoting *Rohm and Haas Co. v. Lin*, 992 A.2d 132, 149 (Pa. Super. 2010)).").”), slip op. at 5.[9]

Notwithstanding,

[a]ppellate courts in this Commonwealth will not decide moot questions. . . . '[A] legal question can become moot on appeal as a result of an intervening change in the facts of the case.' An issue before the court is moot if, in ruling upon the issue, the court cannot enter an order that has any legal force or effect.

*Burns v. Dep't of Human Servs.*, 190 A.3d 758, 761 (Pa. Cmwlth. 2018) (quoting *In re Gross*, 382 A.2d 116, 119 (Pa. 1978)). Because the August 10, 2018 Order scheduled a hearing that has already taken place, the appeal from said order is now moot. Accordingly, this Court will not address the August 10, 2018 Order.[10]

**August 22, 2018 Hearing**

Objectors argue that the trial court erred by conducting a *de novo* hearing. Specifically, Objectors contend that the trial court did not have jurisdiction to hear the matter because Applicant's appeal from the ZBA's October 4, 2017 order became moot when the ZBA vacated that order on November 1, 2017. Further, the November 1, 2017 order became moot when the ZBA granted Objectors' request for reconsideration and rehearing on November 29, 2017.

Applicant rejoins that the only issues for this Court to decide are whether the trial court acted within its authority to order a *de novo* hearing limited to the terms

---

[9] *See also Betz v. Pneumo Abex, LLC*, 44 A.3d 27, 54 (Pa. 2012) ("[A]n appeal of a final order subsumes challenges to previous interlocutory decisions . . . ."); *Franciscus v. Sevdik*, 135 A.3d 1092, 1093 n.1 (Pa. Super. 2016) ("[O]nce a final, appealable order has been appealed, any prior interlocutory order can be called into question.").

[10] The issue of whether the trial court had the authority to conduct a *de novo* hearing is a separate issue which will be addressed below.

7

of the ZBA's October 4, 2017 proviso, and in ultimately concluding that Objectors lacked standing to intervene in Applicant's appeal.

We first address Objectors' argument that this appeal is moot because the ZBA vacated its November 1, 2017 decision when it granted Objectors' reconsideration request thereof.[11]

The ZBA's Notice of Decision was dated November 10, 2017. Applicant appealed from the ZBA's November 1, 2017 decision to the trial court on November 20, 2017. Section 6.3.2 of the ZBA's Rules and Regulations provides:

> A request to reconsider a final determination of the [ZBA] may be initiated as follows:
>
> 6.3.2.1 **Within ten (10) days of a final determination, an interested person may submit a written request for reconsideration**.
>
> 6.3.2.2 The written request shall state the special circumstances that were not known, and could not reasonably have been known, at the time of the hearing.
>
> 6.3.2.3 A copy of the reconsideration request shall be sent to all parties of record.
>
> 6.3.2.4 The Zoning Board Administrator shall keep on file contact information for all parties of record.

ZBA Rules and Regulations § 6.3.2 (emphasis added). Here, Objectors filed their Reconsideration Request on November 22, 2017. Because Objectors did not file their Reconsideration Request within the time provided by the ZBA's Rules and Regulations, the ZBA did not have authority to grant reconsideration of its decision.[12] Accordingly, the ZBA's November 1, 2017 decision is reviewable.

---

[11] We will review below whether Applicant's appeal of the ZBA's October 4, 2017 decision is moot given that the ZBA vacated its October 13, 2017 Notice of Decision on November 1, 2017.

[12] This conclusion conforms with the Pennsylvania Rules of Appellate Procedure. Pursuant to Pennsylvania Rule of Appellate Procedure 1701(b)(3)(i), after an appeal is taken, the agency may only grant reconsideration if "an application for reconsideration of the order is filed in the trial court or other government unit within the time provided . . . ." Pa.R.A.P. 1701(b)(3)(i).

As evidenced by the record, Applicant appealed from both the ZBA's October 4 and November 1, 2017 decisions and the trial court consolidated the appeals. Nevertheless, the trial court's August 10, 2018 Order expressly referenced the ZBA's October 4, 2017 order, *i.e.*, "it is hereby ORDERED and DECREED that a [*de novo*] hearing, of the [ZBA's] October 4, 2017 proviso provision only, is scheduled for Wednesday, August 22, 2018 at 10:00 A.M. in Courtroom 426, City Hall, Philadelphia, PA 19107." August 10, 2018 Order.

The trial court explained:

> On its own motion, the ZBA purported to 'correct' the proviso imposed in the October [13], 2017 Notice of Decision on November 1, 201[7]. Under Pennsylvania law, administrative agencies like the ZBA 'have the inherent authority to correct obvious typographical and clerical errors.' *Bruno v. Zoning* [*Bd.*] *of Adjustment of City of* [*Phila.*], 664 A.2d 1077, 1079 (Pa. Cmwlth. 1995). However, '[w]hen an agency changes its position on its own motion, the parties must at least be given an opportunity to be heard by way of oral argument or brief.' *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment* [*Comp.*] [*Bd.*] *of Review*, 309 A.2d 165, 167 (Pa. Cmwlth. 1973).

Trial Ct. February 19, 2019 Op. (Trial Ct. Op.) at 11. Based on the above, the trial court determined: "The ZBA could not have imposed the new [p]roviso requiring [Applicant] to remove the curb cuts on Pastorius Street without giving him the opportunity to be heard, therefore[,] the November 1, 2017 decision is invalid." Trial Ct. Op. at 12. This Court agrees with the trial court.

Here, the October 4, 2017 proviso restricted parking and **additional** curb cuts on Pastorius Street. The October 13, 2017 Notice of Decision contained a proviso specifically stating no parking on Pastorius Street and **curb cut on Tulpehocken Street only**. The discrepancy between the two provisos was the reason Applicant filed his motion for reconsideration. However, the November 10, 2017 Notice of Decision approved the variances but with an entirely new proviso stating

9

entry curb cut **for emergency vehicles only**, no ingress/egress from Pastorius Street and **existing curb cut to be removed or physical barrier erected**. Clearly, this change was not the correction of an obvious typographical or clerical error.

Although Objectors filed a motion for reconsideration with the ZBA seeking an enforceable proviso forbidding ingress and egress to the Property from the existing Pastorius Street driveway, "[o]n reconsideration, the party seeking the same bears the burden of proving his position or that circumstances have changed." *Kentucky Fried Chicken*, 309 A.2d at 167. Further, the ZBA never granted Objectors' reconsideration request, nor did the ZBA give the parties "an opportunity to be heard by way of oral argument or brief." *Id.* Even assuming the ZBA impliedly granted Objectors' request for reconsideration, since there was no hearing, Objectors could not have met their burden of proving their position. For the foregoing reasons, this Court concludes that the ZBA did not have authority to vacate its October 4, 2017 decision because it did not grant a request for reconsideration, and/or grant the parties an opportunity to be heard.

Having concluded that the ZBA did not have authority to vacate its October 4, 2017 decision, the Court must now consider whether the trial court properly held a *de novo* hearing to resolve the issue of the October 4, 2017 proviso.

> The dispositions of zoning appeals in Philadelphia are governed by Section 754 of the Local Agency Law, 2 Pa.C.S. § 754. *Mulberry M*[*kt.*]*, Inc. v. City of Phila*[*.*]*,* [*Bd.*] *of License & Inspection Review*, 735 A.2d 761 (Pa. Cmwlth. 1999). . . . Under Section 754(a) [of the Local Agency Law], **when a full and complete record is not made before the local agency, the** [**trial**] **court may hear the appeal** *de novo* or remand to the agency to make a full and complete record or further disposition in accordance with the [trial] court's order.

*Soc'y Created to Reduce Urban Blight v. Zoning Bd. of Adjustment of the City of Phila.*, 804 A.2d 147, 150 (Pa. Cmwlth. 2002) (italic and bold emphasis added).

> This Court has defined a 'full and complete record' as 'a complete and accurate record of the testimony taken so that the appellant is given a base upon which he may appeal and, also, that the appellate court is given a sufficient record upon which to rule on the questions presented.' *In re Thompson*, 896 A.2d 659, 668 (Pa. Cmwlth. 2006) . . . (citations omitted). Only if the trial court determines that the record before the agency is incomplete, does it have discretion to hear the appeal *de novo* or remand to the local agency.

*Kuziak v. Borough of Danville*, 125 A.3d 470, 475 (Pa. Cmwlth. 2015). "Situations in which a record has been deemed incomplete include such instances where the record fails to contain a transcript of the proceedings before the local agency, or where a party refuses to provide relevant and necessary documentation to the local agency[.]" *Id.* (citation omitted).

Here, the ZBA filed a "CERTIFICATION OF INCOMPLETE RECORD" on April 16, 2018, which stated:

> I am the Administrator of the [ZBA] and am authorized to make this Certification of Incomplete Record on its behalf. I certify that the attached constitutes the [ZBA's] official record of the proceedings that have occurred to date in this matter. However, because there is no final, appealable decision by the [ZBA], the record cannot be certified as complete.

Reproduced Record (R.R.) at 603a. Clearly, the ZBA certified its record as incomplete because it granted reconsideration of its November 1, 2017 decision. However, as stated above, the ZBA was not authorized to grant reconsideration. Thus, because the Certification of Incomplete Record states: "the attached constitutes the [ZBA's] official record of the proceedings that have occurred to date in this matter[,]" R.R. at 603a, and included *inter alia*, the transcript of the ZBA's October 4, 2017 hearing, for purposes of Section 754(a) of the Local Agency Law, the record was complete. This conclusion is further supported by the trial court's statement that Applicant "was allowed to present only the evidence and witnesses that he had

11

presented to the ZBA on October 4, 2017." Trial Ct. Op. at 7. Thus, Applicant was not presenting "additional evidence" but, rather, the same evidence.

Moreover, although the trial court states in its opinion that it ordered the hearing *de novo* because the ZBA's record was incomplete, *see* Trial Ct. Op. at 13, the trial court record belies that statement. The July 18, 2018 hearing transcript reflects that the trial court ordered a *de novo* hearing because of the irregularities that occurred before the ZBA after the October 4, 2017 decision was issued. *See* R.R. at 111a-112a, 114a-116a, 118a-119a, 181a, 190a-191a. In fact, when Objectors' Counsel argued at the August 22, 2018 hearing that the trial court lacked authority to hear the case *de novo*, the trial court responded: "We agree [the proviso] is not clear. That's why we're here to clear it up. So based on that, objection number two[13] is overruled." R.R. at 191a. Because it is undisputed that the ZBA provided "a complete and accurate record of the testimony[,]" including "a transcript of the proceedings before the [ZBA]," the trial court did not have authority to conduct a *de novo* hearing. *Kuziak*, 125 A.3d at 475. Accordingly, this Court is constrained to vacate the trial court's October 1, 2018 order, and remand the matter to the trial court to address Applicant's appeals based on the ZBA's record.[14]

For all of the above reasons, the trial court's October 1, 2018 order is vacated, and the matter is remanded to the trial court for further proceedings consistent with this opinion.

_____
ANNE E. COVEY, Judge

Judge Cohn Jubelirer and Judge Fizzano Cannon did not participate in the decision in this case.

---

[13] Objectors' Counsel stated that his second objection was based "on ultra vires; that the [trial] court had no legal authority to order a trial *de novo* because the record is full and complete." R.R. at 187a (italics added).

[14] Given this determination, the Court does not reach Objectors' standing to intervene issue.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Darin Bielby | : | |
| | : | |
| v. | : | |
| | : | |
| Zoning Board of Adjustment of the City of Philadelphia and Carla Willard, Connie Winters, Michael Ramos, Susan Wright, Julia Mann, and Glandnair Carter | : | |
| | : | |
| Appeal of: Carla Willard, Connie Winters, Michael Ramos, Susan Wright, Julia Mann, and Glandnair Carter | : No. 1177 C.D. 2018 | |
| | : | |
| Darin Bielby | : | |
| | : | |
| v. | : | |
| | : | |
| Zoning Board of Adjustment of the City of Philadelphia and Carla Willard, Connie Winters, Michael Ramos, Susan Wright, Julia Mann, and Glandnair Carter | : | |
| | : | |
| Appeal of: Carla Willard, Connie Winters, Michael Ramos and Susan Wright | : No. 1419 C.D. 2018<br>: No. 1420 C.D. 2018 | |

## O R D E R

AND NOW, this 10th day of October, 2019, the Philadelphia County Common Pleas Court's (trial court) October 1, 2018 order is vacated and the matter is remanded to the trial court for further proceedings consistent with this opinion.

Jurisdiction relinquished.

_____
ANNE E. COVEY, Judge