IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert and Wendy Redinger,                    :
                              Appellants      :
                                              :
              v.                              :     No. 729 C.D. 2020
                                              :     Argued: May 10, 2021
Allegheny County Health Department            :
and The Township of Upper St. Clair           :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH , Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE J. ANDREW CROMPTON, Judge



OPINION
BY JUDGE CROMPTON                        FILED: July 15, 2021


            Before this Court is the appeal of Robert and Wendy Redinger (the
Redingers) from the June 25, 2020 order (Order) of the Allegheny County Court of
Common Pleas (trial court), affirming the January 9, 2019 administrative decision
and order (Administrative Decision) of the Allegheny County Health Department
(ACHD) Hearing Officer (Hearing Officer) that denied the Redingers' appeal of an
enforcement action of ACHD.

## I.    Background and Procedural History

            On May 15, 2016, ACHD responded to a complaint of a sewage backup
on Painters Run Road.  On May 31, 2016, ACHD issued a Notice of Violation
(NOV) to the Redingers for violations of ACHD's regulations relative to common
sewer laterals.  Original Record (O.R.) at 3.  Specifically, ACHD alleged that a sewer

lateral connecting parcels of land at 1881, 1885, 1901, and 1909 Painters Run Road[1] (the Painters Run Line)[2] rendered the owners of these properties in violation of Article XV, §AC-701.3.1 of ACHD's regulations, which states:

> Existing Common Sewer Lateral.  When [ACHD] identifies the existence of a common sewer lateral (CSL)[] that is not recorded in the Recorder of Deeds Office of Allegheny County, it may issue orders to all affected property owners to separately connect to an available public sewer, or in the alternative, to record in the Recorder of Deeds Office of Allegheny County, a document, approved by [ACHD], identifying the existence of the CSL and adequately specifying the maintenance responsibilities for property owners.

ACHD Plumbing Code, Article XV, §AC-701.3.1; O.R. at 3.  Article XV, Chapter 2 of ACHD's regulations define a CSL as a "private sewer that collects the sewage discharge of more than one building drain/sewer and conveys it to a public sewer." ACHD Plumbing Code, Article XV, Chapter 2, Section 202, General Definitions.

In the May 31, 2016 NOV, the affected property owners, including the Redingers, were ordered to either disconnect from the Painters Run Line and connect to a public sewer or to enter into a mutual maintenance agreement and record the agreement with the Allegheny County Recorder of Deeds.

On June 3, 2016, the Redingers appealed the NOV to the Hearing Officer, primarily disputing the determination that the Painters Run Line is private, arguing, instead, that it is a publicly-owned sanitary sewer owned and maintained by the Township of Upper St. Clair (Township).  The initial administrative hearing, at which testimony was given and exhibits were proffered and admitted into

---

[1] The Redingers' mailing address is 1881 Painters Run Road, Pittsburgh, Pennsylvania 15241.  They have lived at this address since June 2003.

[2] A dye test with video inspection determined that these properties share the Painters Run Line sewer lateral.

evidence, was held on February 10, 2017.  The Redingers presented the following documents, which were admitted into evidence by the Hearing Officer:  (1) a subdivision and land development plan for Best Oil Company dated August 1998; (2) the Township's response to the Redingers' Right-to-Know request; (3) the Redingers' questions to the Township Department of Public Works; (4) the Township's dye test compliance letter; and (5) the Township's No Lien letter. Administrative Decision, 1/9/19, at 2-3.  ACHD proffered its inspection report, which was also admitted into evidence.  *Id.*  Two witnesses testified on behalf of the Redingers: (1) Robert Redinger; and (2) an individual who had, a few years earlier, purchased the property at 1909 Painters Run Road, along with the property next to it.  O.R. at 13, 23.  Three witnesses testified on behalf of ACHD: (1) a plumbing program manager for ACHD; (2) a plumbing inspector for ACHD; and (3) a plumbing inspector supervisor for ACHD.  O.R. at 7, 26, 33, and 51.

On July 18, 2017, ACHD filed a Motion to Join the Township (Motion) as an indispensable party to the litigation, but the Township objected.  However, on July 26, 2017, the Hearing Officer issued an order granting ACHD's Motion on the basis it was necessary to allow for "complete relief, [to] allow all sides to present their evidence and testimony, and [to] promote judicial economy."  O.R. at 198. Thus, a second administrative hearing was held on October 15, 2018, in order for the Township to present its evidence. The following Township exhibits were admitted into evidence by the Hearing Officer:  (1) the NOV dated May 16, 2016; (2) a color map of public and private lines; (3) a color photo of the Redingers' home and manhole number 950-553; (4) color photos of manhole number 950-552; and (5) a color photo of manhole number 950-551.  Administrative Decision, 1/9/19, at

2-3. Two witnesses testified at the October 15, 2018 hearing: (1) the Township's director of public works; and (2) the Township's engineer. O.R. at 210, 221.

At the conclusion of the hearings, and following post-hearing briefing, the Hearing Officer issued his January 9, 2019 Administrative Decision. In the Decision, the Hearing Officer stated there were three issues to address: (1) whether the Redingers or ACHD had the burden of proof; (2) whether the Painters Run Line is public or private; and (3) whether ACHD's enforcement action represented an unconstitutional taking.

The Hearing Officer acknowledged that, during the course of litigation in the present matter, ACHD's regulations regarding burden of proof changed. Until December 8, 2017, the burden of proof was on the Redingers as the persons filing the appeal. However, on December 8, 2017, new ACHD Rules and Regulations became effective, providing that ACHD has the burden of proof when it issues an order.[3] The Hearing Officer determined that the burden of proof, here, remained with the Redingers because "most of the key events in [the] proceeding took place while [] [f]ormer Article XI was in effect," and "neither ACHD nor the Redingers were permitted to present evidence at the October 15, 2018 hearing." Administrative Decision, 1/9/19, at 7. The Hearing Officer concluded that "[b]ecause [] [f]ormer Article XI was in effect at the February 10, 2017 hearing – the only time [] the Redingers and ACHD could present evidence – this tribunal finds that it is fair to adhere to the rules in effect at that time." *Id.*

---

[3] ACHD Rules and Regulations, Article XI-Hearings and Appeals, §1105.C.7, states, in pertinent part, "[t]he [ACHD] has the burden of proof . . . [w]hen it issues an [o]rder." Administrative Decision, 1/9/19, at 4-5. The previous version of Article XI stated: "The person filing the appeal shall bear the burden of proof and the burden going forward with respect to all issues." Former Article XI, §1105.D.7; Administrative Decision, 1/9/19, at 4-5.

As for the issue of whether the Painters Run Line is a private or public sewer line, the Township provided testimony that public sewer lines in the Township must be at least eight inches in diameter.[4] This, in addition to the other evidence presented by the parties, including evidence that a key map in the case was created 30 years ago, which contradicted the Redingers' contention that the maps were created after litigation began, led the Hearing Officer to conclude that the Painters Run Line is a private, not public, sewer line. Administrative Decision, 1/9/19, at 10-11.

Further, the Hearing Officer found the Redingers' argument of a "taking" to be unpersuasive, noting that the Redingers did not demonstrate how connecting to the public sewer or entering into a mutual maintenance agreement would prevent them from using their property for residential purposes. Administrative Decision, 1/9/19, at 12-13.

Accordingly, the Hearing Officer dismissed the Redingers' appeal, and the Redingers appealed the Hearing Officer's Administrative Decision to the trial court. The trial court decided the matter based upon the written briefs of the parties and the record.

Quoting *Society Created to Reduce Urban Blight (SCRUB) v. Zoning Board of Adjustment of the City of Philadelphia*, 804 A.2d 147, 150 (Pa. Cmwlth. 2002), the trial court stated that as the reviewing court, it did not have "'general authority to make its own findings of fact and conclusions of law when the local agency has developed a full and complete record.'" Trial Court Op., 6/25/20, at 1.[5]

---

[4] The Township Engineer stated that a six-inch pipe can never be a public sewer line. O.R. at 223-24.

[5] The trial court added:
**(Footnote continued on next page…)**

5

The trial court affirmed the Hearing Officer's Administrative Decision, agreeing with the Hearing Officer that the Redingers retained the burden of proof in this matter and rejecting the Redingers' more general contention that government actors in regulatory enforcement actions always bear the burden of proof.

In addition, the trial court determined:

> The Redingers argue . . . that ACHD's enforcement action interferes with their reasonable investment-backed expectations because they pay utility bills for sewage to [the Township] and expect to receive sewer service from [the Township]. But other than noting the combined sewer line ultimately connects to a public sewer at a manhole serviced by Scott Township, the Redingers do not point to any factual bases that support their contention ACHD deprives them of their investment-backed expectation. Irrespective of which township is responsible for carrying away waste from the combined sewer line, the Redingers receive sewer service. Next, the Redingers point to an estimate for individually connecting their property to a public sewer [line] and argue that ACHD['s] enforcement action would cause them severe financial hardship. This glosses over the fact that ACHD's enforcement letter offers the Redingers a choice of two remedies: either individually connect their property to a public sewer [line] or enter into a maintenance agreement with the other properties connected to the combined sewer line. Even if the Redingers' argument that an individual connection is unfeasible is accepted, they fail to point to any evidence that entering into a maintenance agreement interferes with

---

Additionally, the Commonwealth Court . . . has stated: "A reviewing court must accept the credibility determinations made by the municipal body which hears the testimony, evaluates the credibility of the witnesses and serves as fact finder. The reviewing court is not to substitute its judgment on the merits for that of the municipal body. Assuming the record demonstrates the existence of substantial evidence, the court is bound by the municipal body's findings which are the result of resolutions of credibility and conflicting testimony." *In re Thompson*, 896 A.2d 659, 668 (Pa. Cmwlth. 2006) (internal citations and quotations omitted).

Trial Court Op., 6/25/20, at 1-2.

their investment-backed expectations much less prevents them from using their property for residential purposes.

Trial Court Op., 6/25/20, at 5-6. The Redingers appealed to this Court,[6] and the trial court subsequently filed an opinion, on October 16, 2020, in accordance with Pa. R.A.P. 1925(a), in which it set forth the reasoning behind its order in greater detail.

In its October 16, 2020 opinion, the trial court initially set out the errors complained of in the Redingers' appeal, stating:

The Redingers' Pa. R.A.P. 1925(b) statement complained of the following purported errors:

1. Whether a [c]ourt errs by upholding a [l]ocal [a]gency [h]earing [o]fficer's allocation of the burden of proof on an enforced-against party where:

   a. The [a]gency's rules in effect at the time of the [h]earing [o]fficer's decision placed the burden upon the [a]gency;

   b. Principles of administrative law and the due process provisions of the United States and Pennsylvania Constitutions mandate the placement of the burden of proof upon the enforcing [a]gency.

2. Whether a [c]ourt errs by upholding [a] [h]earing [o]fficer's determination that enforcement of a [CSL] ordinance does not constitute a regulatory taking without adequate compensation in contravention of the Pennsylvania and United States Constitutions, where such enforcement interferes with the enforced-against parties' reasonable, investment-backed expectation to use their property for residential purposes.

Trial Court Op., 10/16/20, at 4.

---

[6] As does the trial court, this Court reviews the record prepared before the agency to determine whether the Hearing Officer's Administrative Decision "was in violation of the constitutional rights of the appellant, or [] the agency manifestly abused its discretion or committed an error of law, or [] any finding of fact made by the agency and necessary to sustain its adjudication is not supported by substantial evidence." *Acitelli v. Westmont Hilltop Sch. Dist.*, 325 A.2d 490, 492-93 (Pa. Cmwlth. 1974).

The trial court determined that Article XI of ACHD's current Rules and Regulations, which became effective in December 2017, did not state that it applied to pending cases and that there was no legislative history to suggest such application was ever intended. In addition, the trial court determined that applying revised Article XI to the instant matter would give it retroactive effect because it would impose new duties on ACHD in regard to an already completed transaction. Further, the trial court held that ACHD provided the Redingers with reasonable notice and an opportunity to be heard, and, thus, the Redingers' due process challenge was without merit.

In addition, the trial court reiterated its earlier position that ACHD's enforcement of the CSL ordinance did not equate to an unconstitutional taking. Specifically, the trial court determined that the Redingers' argument as to economic damage, if they were required to connect to the public sewer line, failed because the Redingers had the option to remain connected to the CSL as long as they entered into a maintenance agreement with the other similarly-situated property owners. The trial court added that the Redingers also failed to demonstrate that entering into such a maintenance agreement would result in economic hardship. The trial court noted that regardless of the Redingers' decision about whether to connect to the public sewer line, or whether the public sewer line is owned by the Township or Scott Township, the Redingers still receive sewer service and are able to use their property as a personal residence. Thus, there was no regulatory taking.

## II. Arguments
### A. Redingers' Arguments

Upon appeal to this Court, the Redingers argue that the Hearing Officer improperly placed the burden of proof in this matter on them by failing to apply the

law in effect at the time of his decision, where the changes in the law were procedural in nature. Redingers' Br. at 10. Quoting *Bradley v. School Board of City of Richmond*, 416 U.S. 696, 711 (1974), the Redingers state that "[a] court or administrative tribunal is generally bound 'to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is statutory or legislative history to the contrary.'" Redingers' Br. at 10.

The Redingers also argue that "[d]ue [p]rocess requires that the burden of proof in an enforcement proceeding lies with the government," regardless of the agency's rules. Redingers' Br. at 17. The Redingers suggest that the trial court erred by affirming the Hearing Officer's Administrative Decision because it inappropriately placed the duty on them to prove they did not commit "the wrong" of which they were accused by ACHD. Redingers' Br. at 19. Specifically, the Redingers state:

> [They] had no actual knowledge of the path sewage took from their residence prior to [ACHD's] enforcement action, nor would a title search conducted at the time of the purchase of their home have revealed the existence of any easements . . . . [They] were in no position at any time prior to [ACHD's] enforcement action to know or be put on notice of the situation.

Redingers' Br. at 20.

The Redingers further assert that "the Hearing Officer's misapplication of the burden of proof mandates remand and rehearing with the correct burden of proof in place" and that "[p]lacement of the burden of proof on the wrong party is not subject to a harmless error analysis." Redingers' Br. at 21. Quoting this Court's opinion in *Hui v. City of Philadelphia Parking Authority*, 913 A.2d 994, 1000 (Pa. Cmwlth. 2006), the Redingers note:

> Where the fact[]finder places the burden of proof on the wrong party, this [C]ourt cannot determine whether the fact[]finder would have reached the same conclusions under the correct allocation of the burden of proof . . . . Thus, it is appropriate to vacate the fact[]finder's order and remand for a determination with the burden of proof placed on the correct party.

Redingers' Br. at 21.

For the foregoing reasons, the Redingers seek reversal of the trial court's order, remanding with instructions that the burden of proof be borne by ACHD. Redingers' Br. at 22.

## B. ACHD's Arguments

Quoting, in part, *Landgraf v. USI Film Products,* 511 U.S. 244, 280 (1994), ACHD argues that "[i]n the absence of clear legislative intent, if the law would have 'retroactive effect[,]'[ ]then the judicial presumption ***against*** retroactivity would control and the law could not be applied to transactions already completed." ACHD's Br. at 10 (emphasis in original). In addition, ACHD, quoting *Landgraf*, states "'[t]he mere fact that a new rule is procedural does not mean that it applies to every pending case,'" and the *Landgraf* Court did not "'suggest that concerns about retroactivity have no application to procedural rules.'" ACHD's Br. at 11 (quoting *Landgraf*, 511 U.S. at 275, n.29). ACHD adds: "[a]s [the] Redingers correctly stated . . . the timing of the enactment of the new procedural rule is relevant in determining whether it can be applied retroactively such that if the action that is affected by the new procedural rule already occurred, then the new rule would not be applied." ACHD's Br. at 12. "[The] Redingers do not rely on any controlling authority to support their claim that a new rule that shifts the burden of proof from one party to the other must *always* be applied to a pending case." ACHD's Br. at 13 (emphasis in original). ACHD argues that the Hearing Officer and the trial court did not err because "[a]pplying [] [c]urrent Article XI in this instance would have

10

retroactive effect because it would impose new duties on [ACHD] with respected [sic] to an already completed transaction." ACHD's Br. at 15. ACHD contends that the Hearing Officer and the trial court correctly determined that since the Redingers carried the burden of proof at the February 10, 2017 hearing, which was the only time that the Redingers and ACHD presented evidence, it was fair to adhere to the rules in effect at that time. ACHD's Br. at 15-16.

ACHD further argues that due process does not mandate that the burden of proof in an enforcement action always lies with the government. ACHD notes that the Redingers did not offer any evidence that due process rights of the appellant in administrative agency actions "are inevitably violated when the appellant bears the initial burden of proof before the agency. In fact, [as just one example from Pennsylvania in which the agency does not bear the burden of proof] the Pennsylvania Department of Revenue states that the 'petitioner shall have the burden of proof on all issues except fraud.'" ACHD's Br. at 18 (quoting 61 Pa. Code §7.15(a)(1) (regarding Board of Appeals)). In addition, ACHD argues that the Hearing Officer's Administrative Decision is based on substantial evidence, such that no matter who bore the burden of proof, the Administrative Decision, and the trial court's subsequent order, will remain the same. ACHD's Br. at 22. ACHD asserts that the Redingers do not claim that had the burden shifted, the Hearing Officer would have come to a different conclusion.

ACHD asserts that the Redingers are

> attempting to retroactively place a new legal duty, the burden of proof, on ACHD *after* the hearing took place when the law in effect at that time placed the burden on them. In enforcing [f]ormer Article XI in this matter, the Hearing Officer complied with judicial, state, and federal law in the absence of clear language from the regulation in question and legislative history regarding retroactive application.

11

Moreover, as the [r]ecord shows, [the Redingers'] due process [rights were] not violated because they had notice and [an] opportunity to be heard, neither of which [the Redingers] challenge.

ACHD's Br. at 28.

ACHD concludes by stating

as the [r]ecord demonstrates, ACHD went above and beyond what was required to establish that the Painters [Run Line] CSL is private. In comparison, [the Redingers] failed to present *any* relevant evidence, and instead, squandered their opportunities to be heard by ignoring evidence presented [to them] by ACHD . . . before and during the [f]irst [h]earing. All the relevant evidence in this case was *only* provided by ACHD[,] and it rose to the level of substantial evidence to support the administrative decision. Thus, the agency's action was not arbitrary, an abuse of discretion, [unsupported] by substantial evidence, or contrary to law.

ACHD's Br. at 28-29 (emphasis in original).

Accordingly, ACHD asks this Court to affirm the trial court's order affirming the Hearing Officer's Administrative Decision.

### C. The Township's Arguments

The Township argues that the application of the burden of proof is immaterial because there is no dispute that the Township does not own the CSL. The Township states: "Regardless of what party bore the burden of proof, the line located on the Redingers' property is private, not public[,] and clearly is not owned by the Township. Indeed, as they did before the trial court, the Redingers concede this point in their appellate brief." Township's Br. at 9 (emphasis in original). In addition, the Township asserts that, even if the Redingers do not concede that the CSL is not the Township's responsibility, said argument is waived because the

12

Redingers did not raise the issue in their appeal to the trial court.[7]  Township's Br. at 10.  "Since the Redingers could have claimed at the 2017 [h]earing that the then[-]applicable rule placing the burden on them violated due process, but failed to do so – they waived the issue.  The Redingers['] subsequent raising of the claim for the first[]time in a brief before the trial court was untimely."  Township's Br. at 12.  The Township further asserts:

> The Redingers have identified no fundamental right at issue in this appeal and application of the burden of proof does not deprive or restrict the Redingers['] fundamental rights nor is it an arbitrary or irrational governmental action.  The Redingers have pointed to no case where a *civil administrative* rule was struck down as violative of substantive due process because it did not place the burden of proof on the government.  The rule herein was rationally related to the appeal process and challenging a notice of violation.

Township's Br. at 15 (emphasis in original).

Relying on *Anderson v. Sunray Electric, Inc.*, 98 A.2d 374 (Pa. Super. 1953), the Township states:  "Civil laws apply prospectively unless the promulgaters specifically designate that the law is to apply retroactively."  Township's Br. at 17.  The Township adds that 1 Pa.C.S. §1926 (Presumption against retroactive effect)[8] clearly states that "[n]o statute shall be construed to be retroactive unless clearly and manifestly so intended by the General Assembly."  Township's Br. at 17.  In addition, the Township notes that "[w]hile the administrative rule in question is not a statute, courts employ the Statutory Construction Act even when the applicable law

---

[7] The Township asserts that the Redingers first raised this issue in their brief to the trial court but failed to do so in their Petition for Review of the Hearing Officer's Administrative Decision.

[8] Statutory Construction Act of 1972, 1 Pa.C.S. §§1501-1991.

is not a statute." *Id*. (citing *Slice of Life, LLC v. Hamilton Twp. Zoning Hearing Bd.*, 207 A.3d 886 (Pa. 2019)). Further, the Township notes that "applying a differing burden of proof, when the hearing was already concluded, would create a new obligation and impose new legal burdens and consequences on events that were already complete. This is the very definition of an impermissible retroactive law." Township's Br. at 18. The Township argues that legal authority in the Commonwealth supports the notion that application of a particular burden of proof is a substantive, rather than procedural, matter[9] and that the Redingers' argument to the contrary is not supported by any Pennsylvania case law. Township's Br. at 20. Additionally, the Township asserts that "[a] change in the applicable burden of proof after a hearing already transpired plainly attaches legal consequences to events already completed and would impose a new legal burden." *Id*.

In support of its position that the CSL on the Redingers' property is private, the Township explains:

> At the 2018 hearing, the Township introduced a map, identified as Township Exhibit 2, which clearly showed that a Township/Scott Township 30-inch diameter public [sewer] line is located across the road from the Redingers' property. The Redingers did not disagree that the 30-inch diameter sewer line across the road from their property is "public." The Township's evidence was bolstered by the testimony of [the] ACHD [p]lumbing [i]inspector who testified that the sewer line identified on the Redinger [p]roperty was a "six-inch pipe with a six-inch cleanout here or there [and] small four and six-inch cleanouts are usually defining characteristics of a smaller private sewer, not a municipal sewer." The Township [e]ngineer testified that to her knowledge a six-inch "public" line, the size of the CSL, does not (and could not) exist in the Township. The Township's evidence at the 2018

---

[9] In support of this point, the Township references *Stratford v. Boland*, 452 A.2d 824, 825 n.1 (Pa. Super. 1982), *Miller v. Hild*, 449 A.2d 714, 716, n.2 (Pa. Super. 1982), and *Ryan v. MacDonald*, 30 A.2d 662, 663 (Pa. Super. 1943).

14

[h]earing also included five pictures of manholes for the public 30-inch diameter sewer line across the road from the Redingers['] property.

This evidence was enough to convince <u>all</u> parties that the Township [sewer] line in the area was the 30-inch line across the street and not the [six]-inch private sewer line in front of the Redingers['] house. Neither the Redingers nor ACHD introduced a single ordinance or document at the 2017 [h]earing or the 2018 [h]earing that suggested that the Township owned the [six]-inch CSL on the Redingers['] property. The Township has no obligation to the Redingers (or ACHD) regarding the CSL.

Township's Br. at 22-23.

Further, the Township argues that it was improperly joined in this proceeding because ACHD rules at the time did not permit such joinder. The Township states that ACHD sought to join the Township pursuant to Rule 19 of the Federal Rules of Civil Procedure (regarding Required Joinder of Parties),[10] which do not apply to the present matter. Thus, it was error for the Hearing Officer to join the Township as an indispensable party. Accordingly, the Township requests this Court determine that it is not responsible for the CSL, and, in the event this Court remands the matter for additional proceedings, that the Township be released from same.[11] Township's Br. at 23-24.

### III. Discussion

We reiterate, at the outset, this Court reviews the record prepared before the agency to determine whether the Hearing Officer's Administrative Decision "was in violation of the constitutional rights of the appellant, or [] the agency

---

[10] Fed. R. Civ. P. 19.

[11] In its December 2018 brief after the last hearing in this matter, the Township stated, in a footnote, that "[i]f the [j]oinder and this hearing are governed by the new rules as adopted by the [ACHD] then the Township does not object to the joinder. If this proceeding was governed by the rules in place at the time of the joinder then the Township's objection to the joinder continues." O.R. at 266.

manifestly abused its discretion or committed an error of law, or [] any finding of fact made by the agency and necessary to sustain its adjudication is not supported by substantial evidence." *Acitelli*, 325 A.2d at 492.

The Redingers' arguments rest on the proposition that it was error, and perhaps unconstitutional, for the burden of proof to ever have been placed on them and that it certainly became error once the burden of proof shifted in ACHD's own regulations. Although we do not agree with the Redingers' assertion that the burden of proof always must lie with the governmental unit, we agree that, in the present matter, it was error for the Hearing Officer to leave the burden of proof with the Redingers after the change in ACHD's Rules and Regulations.

The parties engage in an analysis of whether the change in law was substantive or procedural as a predicate for whether it should have been applied retroactively. However, retroactive application was not truly at issue here, where the hearing was ongoing at the time of the change in ACHD's Rules and Regulations. The hearing was effectively in mid-course, allowing for joinder of the Township to present the most dispositive evidence in the case. In the instant matter, whether the change in law was substantive or procedural makes little difference. We note our Supreme Court's position on such matters in *Laudenberger v. Port Authority of Allegheny County*, 436 A.2d 147, 150 (Pa. 1981), in which it stated:

> The attempt to devise a universal principle for determining whether a rule is inherently procedural or substantive in nature has met with little success in the history of our jurisprudence. In addressing this issue, the Supreme Court of the United States attempted to define procedural law as:
> "the judicial process for enforcing rights and duties recognized by substantive law and for justly administering remedy and redress for disregard or infraction of them."
> *Sibbach v. Wilson & Co.*, 312 U.S. 1, 14 (1941). Unfortunately, this analytic determination would only be useful if "substance" and

16

"procedure" were two "mutually exclusive categories with easily ascertainable contents." *Sibbach*, *supra* at 17 (dissenting opinion by Frankfurter, J., in which Black, Douglas and Murphy, JJ., concurred.) Rather, "(t)he demarcation between procedure and substantive rights frequently is shadowy and difficult to determine." Procedural law is undeniably an integral thread in the fabric of the law. As threads are woven into cloth, so does procedural law interplay with substantive law. Together, they create a cohesive whole. However, it is this very proximity which often leads to difficulty in identifying one thread as procedural and another as substantive.

(Internal citations omitted in part.)

For our purposes here, we have no need to engage in a procedural versus substantive analysis. Retroactivity is not explicitly at issue here because the hearing had not concluded prior to the change in ACHD's Rules and Regulations. It may have been otherwise if the hearing had concluded before the Rules and Regulations had changed. As this was not the situation, the Hearing Officer had an opportunity to apply the new law, even if primarily in an abundance of caution, during the proceedings to ensure that the Redingers were not denied due process. ACHD argues that to do so would have been to impose new duties on it with respect to an already completed transaction. However, the transaction at issue here was not complete. It is true that the first hearing in the matter had concluded, but it was ACHD that sought to join the Township as an indispensable party, and once that joinder was allowed, the hearing was continued until a date after ACHD's Rules and Regulations had changed. Because the "transaction" was not complete until the second hearing concluded, the change in the law should have been applied. While it is true that the new Rules and Regulations were silent as to matters in progress, it seems that fairness would dictate the Redingers would receive the benefit of the change during the pendency of a transaction during which the rules were changed by ACHD, itself – the same entity that also extended the litigation by filing the

17

Motion to join the Township.[12]  Accordingly, we remand to the trial court to remand to the Hearing Officer to reconsider the matter with a reassignment of the burden of proof from the Redingers to ACHD.[13]

Further, per the Township's concession in its brief after the administrative hearing, as noted above, *i.e.*, it did not object to joinder, if the hearing was determined to be governed by the new rules adopted by ACHD in December 2017, we deny the Township's request to be released from any additional proceedings which may occur upon remand.[14]

_____

J. ANDREW CROMPTON, Judge

---

[12] Although the Redingers should receive the benefit, if any, of ACHD's rules change, we do not opine as to whether shifting the burden will have any dispositive effect on the outcome in the present matter.

[13] In light of our decision to vacate and remand for application of the appropriate burden of proof, we need not address the additional questions raised by the Redingers.

[14] As of December 8, 2017, ACHD's Rules and Regulations, Article XI, Section 1104.3 read:

**1104.3. JOINDER OF INDISPENSABLE PARTIES**

(1) Indispensable Party. A person who is subject to service of process and whose joinder will not deprive [ACHD] of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the Hearing Officer cannot accord complete relief among existing parties; (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect their interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

(2) Joinder by Administrative Order.  If a person has not been joined as required, the Director or Hearing Officer, on his or her own motion, or at the request of any party, must order that the person be made a party. The Director or Hearing Officer shall have the discretion to designate the party as an appellant, appellee, or other interested party, as the case may require.

18

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert and Wendy Redinger,         :
                   Appellants      :
                                :
            v.                   :        No. 729 C.D. 2020
                                :
Allegheny County Health Department    :
and The Township of Upper St. Clair      :

## **O R D E R**

       **AND NOW**, this 15th day of July 2021, the June 25, 2020 Order of the Court of Common Pleas of Allegheny County (trial court) is **VACATED** and this matter is **REMANDED** to the trial court to remand to the Hearing Officer to reconsider his January 9, 2019 order in light of the Allegheny County Health Department Rules and Regulations that became effective on December 8, 2017, and to hold an additional hearing(s) if deemed necessary. Jurisdiction relinquished.

 

_____
J. ANDREW CROMPTON, Judge